IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JIN LIU, | ) | |
|     Petitioner | ) | |
| | ) | |
|     v. | ) | Civil Action No. 1:06cv818 |
| | ) | Criminal No. 1:05cr193 |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent | ) | |

## ORDER

The matter is before the Court on petitioner's *pro se* motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[1]  Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[2]

### I.

On May 18, 2005, petitioner pled guilty to one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2).  Thereafter, on February 17, 2006, he was sentenced to twenty-one months imprisonment to be followed by two years of supervised release.  Now, in the instant § 2255 motion, petitioner attacks his sentence collaterally, raising

---

[1] Although petitioner has completed his term of imprisonment and is currently serving a term of supervised release, his petition is not moot because the Supreme Court has held that where, as here, conditions imposed after imprisonment, including supervised release, "restrain petitioner's liberty to do those things which in this country free men are entitled to do," the petitioner may invoke the *habeas corpus* statute. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see also U.S. v. Ohiri*, 133 Fed. Appx. 555, 559 (10th Cir. 2005) (same).

[2] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) ("A hearing is not required...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief.").

essentially two claims, namely (i) that constitutionally ineffective assistance of counsel infects and thus invalidates his plea and plea agreement, and (ii) that the government violated his plea agreement by supporting the Probation Office's two-level enhancement based on petitioner's false trial testimony. Because petitioner and the government have fully briefed the contentions, the matter is now ripe for disposition.

## II.

The record[3] reflects that petitioner and his two co-conspirators—his father and a third person—traveled from Los Angeles to Virginia for the purpose of using counterfeit credit cards to purchase expensive merchandise they planned to resell in California. This evidence disclosed that petitioner had made a previous trip to Atlanta for the same purpose.

Alerted by a tip, law enforcement agents shadowed and observed the co-conspirators after their arrival in Virginia. In doing so, agents observed petitioner and his two co-conspirators as they rented a car and motel rooms, and then visited several stores where petitioner and his co-conspirators used fake credit cards to buy expensive merchandise. When arrested, petitioner was in possession of more than one hundred counterfeit credit cards.

Following their arrest, petitioner and his two co-conspirators were charged in a two-count indictment with (i) conspiracy to use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2) (Count One), and (ii) possession of at least eight unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count Two). Two weeks later, on May 18, 2005, petitioner

---

[3] The record in this matter consists of not only petitioner's plea agreement, plea colloquy, statement of facts, and pre-sentence investigation report, but also the record of the jury trial of petitioner's co-conspirators.

pled guilty to Count One, following which, in accordance with the plea agreement, Count Two was dismissed as against petitioner.[4] As part of his plea agreement, petitioner waived his direct appeal rights and his right to contest any removal or deportation proceedings resulting from this conviction.[5] Although the plea agreement included a joint recommendation on the application of the sentencing guidelines, it nonetheless noted specifically that "[t]he United States makes no representations as to any further enhancements that may be pursued, based on a recommendation by the Probation Office." Plea Agreement, ¶ 6.[6] At the conclusion of petitioner's plea colloquy, Judge Lee specifically found that the plea was knowing and voluntary, and accompanied by an individual basis of facts supporting the elements of the conspiracy charge. *See* Pl. Tr. 24-25.

---

[4] Petitioner pled guilty before Judge Gerald Lee in the Eastern District of Virginia, Alexandria Division, but was later sentenced by Judge T. S. Ellis, III, the presiding judge at the trial of petitioner's co-conspirators.

[5] The relevant portion of the plea colloquy is as follows:

The Court: [Y]ou're waiving your right to appeal to the Court of Appeals... .
            Do you understand that?
[Answer]: Yes.

The Court: This agreement says that you'll be removed or deported...and that
            you will not make any request of any kind of the immigration court or any
            other authority to try to stay. Do you understand that?
[Answer]: Yes.

Pl. Tr. 15-16, 23, May 18, 2005.

[6] The relevant portion of the plea colloquy is as follows:

The Court: I want to explain to you that if it turns out that the guidelines are higher
            than estimated for you by [the government], you can't change your mind
            after that and say "I don't want to plead guilty." Do you understand that?
[Answer]: Yes.

Pl. Tr. 14-15.

Notwithstanding the absence in the plea agreement of an agreement to cooperate, petitioner, following his plea, expressed a willingness to cooperate with the government in the prosecution of his two co-conspirators. To this end, petitioner and his originally-appointed counsel met with the government counsel to consider petitioner's offer. In the end, nothing came of the meeting and the government did not call petitioner to testify at the trial of the co-conspirators. Instead, petitioner testified as a defense witness.

The co-conspirators' trial lasted three days. In the course of petitioner's testimony, he admitted his involvement in the scheme, but he adamantly denied that his father was a member of the conspiracy. Because this testimony was at odds with other evidence in the case and because this testimony might jeopardize petitioner's chances for a Rule 35 sentence reduction, the trial judge appointed new counsel and recessed petitioner's testimony to allow petitioner to consult with newly-appointed counsel.[7] Following this, petitioner completed his testimony, remaining firm that his father was not part of the conspiracy. In the end, the jury did not accept petitioner's testimony in this respect and convicted both co-conspirators of both counts in the indictment.

Following this and prior to his sentencing hearing, petitioner submitted a motion to preclude enforcement of those paragraphs of his plea agreement in which he had waived his rights to contest deportation.[8] Specifically, petitioner alleged that his original counsel had

---

[7] New counsel was appropriate, in part, because petitioner's original counsel was not present during petitioner's testimony.

[8] Paragraphs 20 and 21 stated that petitioner agreed to waive his right to apply for relief from removal, deportation, or exclusion under the Immigration and Nationality Act, and to abandon any pending applications for relief from removal, deportation, or exclusion. *See* Plea Agreement, ¶¶ 20, 21.

provided ineffective assistance in the course of plea negotiations because he misinformed petitioner about the implications his conviction would have on any subsequent deportation proceedings. In essence, it appears that the waiver provisions addressing the right to contest or appeal any deportation proceedings and the corresponding advice received from original counsel were premised on the assumption, valid under then-existing law[9], that petitioner's conviction for engaging in a conspiracy to commit access device fraud qualified as an "aggravated felony" for which he would be deported. *See* 8 U.S.C. § 1101(a)(43). Following the plea, the Fourth Circuit held that a petitioner's conviction for the offense of "Fraudulent Use of a Credit Card," in violation of Virginia Code § 18.2-195, was not a theft offense in the "aggravated felony" context, and therefore could not be the basis for removal. *Soliman v. Gonzales*, 419 F.3d 276 (4th Cir. 2005). In so holding, the court reasoned that "the definition of a theft offense in the aggravated felony context, as including a fraud scheme, is contrary to congressional intent," thus departing from the Board of Immigration Appeals' interpretation of 8 U.S.C. § 1101(a)(43)(G) as including access device fraud, a fraud scheme. *Id.* at 283.

In his motion to preclude enforcement of the plea agreement's deportation provisions, petitioner argued that, following the logic of *Soliman*, he cannot lawfully be removed or deported on the basis that he has been convicted of an aggravated felony, and therefore the contrary legal advice he received and on which his plea was based, was erroneous. *See* Pet.'s Mot. to Preclude Enforcement, 4-6.

While the first motion was still pending, petitioner filed a second motion to withdraw his

---

[9] The Board of Immigration Appeals included fraud schemes in its interpretation of 8 U.S.C. § 1101(a)(43), the statutory provision enumerating aggravated felonies.

guilty plea in its entirety, arguing that it was neither knowing nor voluntary. Both of petitioner's motions to withdraw his plea were assigned to Judge Lee, as he had presided over the plea. Judge Lee denied both motions, finding that the plea colloquy fully informed petitioner of the elements constituting the offense and the implications of his plea agreement. *See* Mot. Tr. 101:2-104:12, Dec. 14, 2005. Judge Lee further ruled that the petitioner failed to show that his original counsel's assistance fell below the objective standard of reasonableness, and therefore did not constitute ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984).[10]

Petitioner also claimed that the government's endorsement of the Probation Officer's decision to add two levels to petitioner's total offense level pursuant to U.S.S.G. § 3C1.1, on the grounds that petitioner obstructed justice by testifying that his father was not a member of the conspiracy, violated the plea agreement. Judge Lee also rejected this claim, noting simply that nothing in the plea agreement precluded the government from endorsing this enhancement. *See* Mot. Tr. 104:15-17 ("[T]he government certainly has a right to pursue enhancement based upon the recommendation of the probation officer under the plea agreement... .").

At sentencing, the government concurred in the Probation Office's recommendation of a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, premised on petitioner's inconsistent testimony when asked under oath to identify the co-conspirators described in his plea agreement. The two-level enhancement was granted based on petitioner's false trial testimony. An additional two-level enhancement was also granted for petitioner's role

---

[10] In denying the motion, Judge Lee noted that "[t]his Fourth Circuit case which was issued after the plea was entered on August 2005 is of no moment as it relates to this particular guilty plea and the voluntariness of it in May 2005." Mot. Tr. 105:24 -106:2.

in the trafficking of unauthorized credit cards under U.S.S.G. § 2B1.1(b)(10), though no issue of it is made here. Thereafter, petitioner was sentenced to twenty-one months imprisonment, to be followed by three years of supervised release, as well as full restitution and court costs.

Following his sentencing, petitioner filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on July 13, 2006.

### III.

Settled Supreme Court precedent and Rule 11, Fed. R. Crim. P., require that a plea of guilty be counseled and entered into knowingly and voluntarily. *See, e.g.*, *United States v. Broce*, 488 U.S. 563, 569 (1989) ("[A] court must assess whether the underlying plea was both counseled and voluntary."). Petitioner claims that his plea was a result of ineffective assistance of counsel, and therefore not counseled. A claim that a plea was not counseled owing to ineffective assistance of counsel must be evaluated under the Supreme Court's two-prong *Strickland* test. *See Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). Specifically, a petitioner must show, first, that counsel's performance "fell below an objective standard of reasonableness," and second, that the deficient performance prejudiced the defense. *Id.* at 688, 692. In other words, petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" in this regard is "a probability sufficient to undermine confidence in the outcome." *Id.* Moreover, to prevail on an ineffective assistance of counsel claim, petitioner must overcome a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 690.

These principles, applied here, compel the conclusion that neither of petitioner's

attorneys rendered ineffective assistance in this case.

Petitioner first claims that his original counsel provided ineffective assistance during the course of plea negotiations because he did not "know the law in relationship to the plea agreement." Pet. Brief, 3.  Petitioner contends that counsel should have advised him that the Fourth Circuit's decision in *Soliman v. Gonzalez* defined "aggravated felony" in a way that excluded petitioner's offense, and hence, petitioner would not be subject to removal based on this conviction.  The obvious flaw in petitioner's argument is that *Soliman v. Gonzalez* was not decided until August 22, 2005, more than three months *after* petitioner entered into his plea agreement.  Petitioner cannot plausibly argue that counsel was ineffective in failing to advise him of the significance of a case not yet decided.  Effective assistance does not require counsel's perfect prescience.  Put differently, a plea is not invalidated as inadequately counseled simply because an attorney is not clairvoyant and cannot see future changes in the law.  *See Brady v. United States*, 397 U.S. 742, 757 (1970) (noting that a guilty plea is not subject to later attack when petitioner's lawyer correctly advised him with respect to the then-existing law).  Moreover, the advice of petitioner's original counsel regarding the execution of a plea agreement was a matter of judgment and is entitled to deference absent evidence that counsel's advice fell below prevailing professional norms.  *See Strickland*, at 689; *U.S. v. Bowman*, 348 F.3d 408, 416 (4th Cir. 2003).  Given the evidence, it was reasonable for counsel to advise petitioner to enter into a plea agreement, especially since the government was offering to dismiss Count Two (charging petitioner with the possession of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3)) in exchange for a guilty plea on Count One (charging petitioner with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2)).

Additionally, a review of the plea colloquy reveals that petitioner was fully apprised of all the terms included in his plea agreement,[11] including his explicit waiver of any rights to contest deportation. *See* Pl. Tr., 24-25. Petitioner's pending motion does not refute this position and demonstrates an affirmation of the factual basis for his plea. Pet. Brief, 5-7. Therefore, any claim that his plea was unknowing must fail.

Notably, Judge Lee earlier considered and denied petitioner's previous motions to preclude enforcement of the plea agreement's deportation provisions, or alternatively, to allow petitioner to withdraw from the plea agreement in its entirety. Mot. Tr.104:7-107:4. After applying the *Strickland* test, Judge Lee found that petitioner received legal counsel that was objectively reasonable and sufficient, and that the plea colloquy was constitutionally sound. Mot. Tr. 101:2-18.

Because petitioner has presented no new evidence to contradict the express terms of the plea agreement or to undermine Judge Lee's earlier findings that petitioner's plea was counseled

---

[11] Petitioner made no showing that the plea was unknowing or involuntarily coerced so as to invalidate the plea. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Any assertion by petitioner that his plea agreement was involuntary is in direct conflict with petitioner's representations at his plea colloquy and Judge Lee's subsequent finding that petitioner was properly advised of the consequences of his plea. *See* Pl. Tr., 7-16; Mot. Tr. 97:7-101:14, 105:1-107:1. In these circumstances, "[a]bsent clear and convincing evidence to the contrary, a petitioner is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Petitioner signed his plea agreement, attesting to his review of the document with counsel, his understanding of the terms and facts set forth, and the voluntary and knowing nature of his plea. *See* Pl. Tr., 25. Additionally, petitioner confirmed that he was satisfied with the assistance provided by his first counsel. *Id.* at 5. A petitioner's "[s]olemn declarations in open court carry a strong presumption of verity," and petitioner has made no showing to rebut that presumption. *Blackledge v. Allen*, 431 U.S. 63, 74 (1977) ("[T]he representations of the petitioner, his lawyer, and the prosecutor, at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.").

and knowingly made[12], petitioner's current attempts to argue otherwise must fail.

Petitioner next claims that his second counsel provided ineffective assistance because she improperly advised petitioner regarding his rights to appeal. Specifically, petitioner alleges that his second counsel's assistance fell below the "objective standard of reasonableness" because she advised him that he could not file a direct appeal according to the terms of his plea agreement.[13]  Pet. Brief, at 26.

The Court of Appeals for the Fourth Circuit has held that counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits, *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993), noting that a waiver of appeal rights does not relieve counsel of his duty to file an appeal when a defendant specifically requests that an appeal be filed, *United States v. Kirby*, 36 Fed. Appx. 76, 77 (4th Cir. 2002). Importantly, however, "[c]ounsel's duty to note an appeal applies only when defendant specifically requests than an appeal be filed... ."  *United States v. Isaac*, 2006 U.S. Dist. LEXIS 52995, *15 (E.D. Va. 2006) (Ellis, J.). Petitioner submitted no affidavit or other

---

[12] Judge Lee appropriately considered the six nonexclusive factors required under *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), in determining whether a petitioner can be allowed to withdraw his guilty plea. In addressing the first factor, Judge Lee found that petitioner "has failed to demonstrate with credible evidence that his plea was not knowing and voluntary. Quite the contrary, it seems to me that [petitioner's] testimony is 'I plead guilty because I wanted to lessen the penalty.'" Mot. Tr. 101:25-102:5.

[13] It is appropriate to reiterate that petitioner knowingly waived all rights to appeal his conviction and sentence by the terms of the plea agreement. Plea Agreement, ¶ 7 ("[T]he petitioner knowingly waives the right to appeal the conviction and any sentence within the maximum provided in the statute of conviction...on the grounds set forth in [18 U.S.C. § 3742], or on any ground whatsoever, in exchange for the concessions made by the United States in the plea agreement."). Moreover, petitioner provided affirmative and unequivocal answers when asked if he understood his waiver of the right to appeal. *See* Pl. Tr., 10-11.

evidence demonstrating that his second counsel failed to file an appeal after petitioner specifically requested her to do so. Thus, petitioner cannot claim that his second counsel's assistance was objectively unreasonable when she simply informed and advised him of his obligations in the plea agreement.

### IV.

In addition to his ineffective assistance claims, petitioner alleges that his sentence is improper because the government violated the plea agreement by concurring in the Probation Office's two-level sentence enhancement. Petitioner argues that the government's concurrence with the recommended obstruction of justice sentencing enhancement constituted a "bait-and-switch" tactic that renders the agreement improperly induced.[14] See Pet. Brief, 9-11. In this respect, he relies on the Supreme Court's holding in *Santobello v. New York* for the proposition that the plea agreement is void where the government fails to adhere to its side of the bargain. 404 U.S. 257 (1971).

*Santobello* is factually different from this case and hence of no help to petitioner. The plea agreement in *Santobello*, unlike petitioner's plea agreement, included an express commitment to make no recommendations whatsoever as to sentencing. *Id.* at 258. In sharp contrast, petitioner's plea agreement contains no such commitment and instead sets out the parties' agreement to make certain recommendations to the sentencing judge and then, significantly, states explicitly that "[t]he United States makes no representations as to any further

---

[14] Petitioner entered into his plea agreement with the specific understanding that as a consequence of his guilty plea, his maximum sentence would be no more than five years, and that the recommended guideline range was ten to sixteen months. Pet. Brief, 9. In light of the Probation Office's recommended enhancements, petitioner was sentenced to twenty-one months.

enhancements that may be pursued, based on a recommendation by the Probation Office." Plea Agreement, ¶ 6. Quite clearly, therefore, the government did not promise in the plea agreement to refrain from supporting a sentence enhancement urged by the Probation Office. In these circumstances, as the Fourth Circuit has noted, "[w]hile the government must be held to the promises it made, it will not be bound by those it did not make." *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986).

In sum, because the plea agreement reserved the government's right to pursue a sentence enhancement, the government did not "fail to adhere to its side of the bargain," as petitioner claims, and thus, the plea agreement is not void and petitioner's attack on his sentence on this ground must fail.

V.

Accordingly, for all of the foregoing reasons, and for good cause,

It is hereby **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**.

Should petitioner wish to appeal this Order he must do so within sixty (60) days pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record and to place this matter among the ended causes.

Alexandria, Virginia  
July 31, 2007

\_\_/s/_____  
T.S. Ellis, III  
United States District Judge

12